IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Charles Cravatta, | ) |
| | ) |
| Plaintiff, | ) Case No. 12 C 50306 |
| | ) |
| vs. | ) |
| | ) |
| Officer Ed Lopez, et al., | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |

## ORDER

For the reasons stated below, plaintiff's objection [114] is denied.

## STATEMENT-OPINION

Plaintiff timely objected [114] to an 8/11/2015 order [110] entered by Magistrate Judge Johnston denying "for the reasons stated in open court" plaintiff's motion [102] for relief from Magistrate Judge Johnston's prior order [99] denying plaintiff's request for a deadline to disclose rebuttal experts. The prior order was entered on 6/12/2015 and denied the request for a deadline to disclose rebuttal experts "because the Court will not allow rebuttal experts." Plaintiff initially disclosed his retained expert, Lt. Col. Johnson. Defendants disclosed their retained expert, Lt. Col. Janota. It was plaintiff's motion to set a deadline to disclose another retained expert, James Marsh, as a rebuttal expert that the magistrate judge denied [99].

Objections to a magistrate judge's order on a pretrial matter that is not dispositive are governed by Fed. R. Civ. P. 72(a) which provides the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Under the clear error standard, the "district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review." Pinkston v. Madry, 440 F.3d 879, 888 (7th Cir. 2006). The district court may not reverse the magistrate judge's decision under the clear error standard simply because it would have arrived at a different conclusion. Id.

Plaintiff argues the magistrate judge's order was clearly erroneous or contrary to law because plaintiff's rebuttal disclosure was tendered within thirty days of defendant's expert disclosure and is intended solely to contradict or rebut evidence on the same subject matter as defendant's expert identified. He contends that his "disclosure was therefore timely and proper

1

under Rule 26(a)(2)(D)(ii)" and that the magistrate judge's order "is clearly contrary to Rule 26(a)(2)(D)(ii) ."

Timeliness is not in issue. The only question is whether, as plaintiff argues, Rule 26(a)(2)(D)(ii) required Magistrate Judge Johnston to grant plaintiff's motion to set a time for disclosure of a use-of-force rebuttal expert witness. If it did, then, plaintiff contends, the magistrate judge's subsequent denial of his motion for relief from the order refusing to grant plaintiff's motion seeking a disclosure deadline was clearly erroneous or contrary to law.

The proceedings in this case are governed by a case management order [49]. The case management order does not allow for rebuttal experts. The order provides deadlines for filing the report of plaintiff's retained expert and for deposing that expert. It provides deadlines for filing the report of defendant's retained expert and for deposing that expert. It provides a deadline for the cut off of all discovery and that such deadline "should be no *later* than date for the Defendant's experts deposition)." It does not provide a deadline for "a report of retained rebuttal experts, if any," or for the deposition of any rebuttal expert. It does not provide that the cut off of all discovery "should be no later than the deposition of rebuttal experts, if any." By setting the cut off of all discovery to coincide with the date of the deposition of defendant's expert, the order does not provide for the use of rebuttal experts.

A case management order may "modify the extent of discovery." Fed. R. Civ. P. 16(b)(3)(B)(ii). Thus, the case management order overrides Rule 26(a)(2)(D)(ii) on the subject of rebuttal expert witnesses. As such, plaintiff's motion for a disclosure deadline asked for something that was outside the parameters of the case management order. What plaintiff actually was seeking to do was modify the case management order. To do so, plaintiff needed to show good cause. Fed. R. Civ. P. 16(b)(4).

Plaintiff relies on an order in Green v. Kubota Tractor Corp., No. 09 CV 7290, Dkt. # 118 (N.D. Ill. Apr. 24, 2012) to support his argument but Green is distinguishable. In Green, the scheduling order expressly provided for disclosure and deposition of any plaintiffs' rebuttal experts and any defendant's sur-rebuttal experts. Green, No. 09 CV 7290, Dkt. # 36. The defendant moved to strike plaintiff's rebuttal expert because the expert's opinions were not true rebuttal opinions. The court concluded the expert's opinions met the criteria of Rule 26(a)(2)(D)(ii) as evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" and denied the motion to strike.

Here, the question is not whether plaintiff's rebuttal expert evidence is within the definition of Rule 26(a)(2)(D)(ii) but whether the case management order should be modified to allow rebuttal experts at all. The magistrate judge considered the arguments, reviewed the proposed rebuttal expert's report and concluded that (as plaintiff describes in his brief) "the rebuttal disclosure was an overlapping/subset of Lt. Col. Johnson's initial opinions rather than addressing anything new that was brought out by Lt. Col. Janota."

2

Plaintiff's argument focuses on the fact that in Marsh's proffered report Marsh specifically contradicts or rebuts defendant's expert's opinion. However, the magistrate judge concluded Marsh did not do so in a way that did not overlap the opinions of plaintiff's initial expert. Plaintiff submitted the reports of Johnson and Marsh for the magistrate judge's consideration. Magistrate Judge Johnston reviewed the reports and heard arguments on the point. Based on the record, including the experts' reports, the court cannot conclude the magistrate judge's decision not to modify the case management order to allow for a rebuttal expert (because plaintiff's original expert already expressed the same opinions) was clearly erroneous.

For the foregoing reasons, plaintiff's objection [114] is denied.

Date: 10/20/2015                ENTER:

_____
United States District Court Judge